IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, EX REL. CHRISTOPHER PIACENTILE : : v.                                     :   Civil Action WMN-96-3025 : ARRHYTHMIA MONITORING INC., et al.                        : | |

FILED ____ ENTERED
____ LODGED ____ RECEIVED
OCT 1 1999
AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ____ DEPUTY

**MEMORANDUM**

Before the Court are motions to dismiss filed by Defendants Lincare Holdings ["Lincare"], Paper No. 40; Arrhythmia Monitoring, Inc. ["AMI"], Paper No. 42; and Francis M. Schwerin ["Schwerin"], Paper No. 48.[1] The motions are ripe for decision. Upon a review of the pleadings and the applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that the motions will be granted.

This action is brought pursuant to the False Claims Act, 31 U.S.C. §§ 3729, et seq., ["FCA"].[2] Defendant AMI is engaged in the business of providing cardiac event monitoring services.

---

[1] Defendant Uzi Talit has also filed a motion to dismiss. Paper No. 51. The Court had agreed to hold consideration of Talit's motion in abeyance based upon the representation that the parties are close to a settlement of those claims. Because the Court finds, based upon the arguments of Talit's co-Defendants, that the Amended Complaint failed to state a claim upon which relief can be granted, the Court will dismiss the Amended Complaint as to Defendant Talit as well. The Court, however, will not address in this memorandum the arguments in Talit's motion unique to the claims brought him.

[2] This action was initially filed under seal pending a decision of the United States as to whether it would intervene in this action. On September 2, 1998, the United States filed a Notice of Election to Decline Intervention. Paper No. 18.

Relator has alleged that the remaining Defendants [the "Billing Defendants"] purchased cardiac monitoring services from AMI at a significant discount but proceeded to bill Medicare for the non-discounted price of the services. The Billing Defendants therefore obtained reimbursement from Medicare at "grossly inflated rates." Defendants have moved to dismiss the Amended Complaint on the ground, inter alia, that Relator has failed to state with sufficient particularity the nature of the fraud alleged.

Liability under the False Claims Act can be imposed upon any individual who:

> 1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government . . . a false or fraudulent claim for payment or approval;
>
> 2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government;
>
> 3) conspires to defraud the Government by getting a false or fraudulent claim allowed or paid.

31 U.S.C. § 3729(a).

Because a FCA claim involves allegation of fraudulent conduct, it is now well established that claims brought under the FCA are subject to the pleading requirements of Rule 9(b). See United States ex rel. Detrick v. Daniel F. Young, Inc., 909 F. Supp. 1010, 1018 n. 26 (E.D. Va. 1995)(collecting cases). Thus,

Relator must specify the nature of the alleged fraudulent activity with particularity. It is generally required that the complaint state the time, place, and content of the false misrepresentations, the fact misrepresented, and what was retained or given up as a consequence of the fraud. Kowal v. MCI Communications Corp., 16 F.3d 1271, 1278 (D.C. Cir.1994). The Complaint must describe the fraudulent conduct rather than merely make conclusory allegations of fraud. See United States ex rel. Stinson v. Provident Life & Accident Ins. Co., 721 F. Supp. 1247, 1258 (S.D. Fla. 1989).

In the instant case, the gravamen of Relator's FCA claims is that the Billing Defendant's requests for payment were false or fraudulent because they failed to disclose to Medicare the actual price paid for the monitoring services and the fact that the monitoring services were performed by an outside supplier. The Billing Defendants' request for payment would only be "false or fraudulent," however, if the Billing Defendants affirmatively represented that the amount requested from Medicare was the amount they had paid for the service, or if there was some independent legal requirement that they disclose and pass through to Medicare any discounts that they might receive. See, e.g., United States ex rel. Thompson v. Columbia/HCA, 125 F.3d 899 (5th Cir. 1997).

As to the former, the Amended Complaint does not allege that

3

the Billing Defendants made any such affirmative representations. As to the latter, the Amended Complaint is equally silent. While the Amended Complaint certainly assumes that such a duty exists, it nowhere identifies the source of that duty. See Amended Complaint at ¶ 26 ("In order to be reimbursed for purchased services, such as cardiac monitoring, a provider's request for payment must indicate that the test was performed by an outside supplier, identify the supplier, and indicate the amount that the supplier charged the billing physician or provider.") Similarly, in opposing the motions to dismiss, Relator declined to identify any source for the duty to declare and pass through discounts.

While nowhere identified by Relator, there may indeed be such a duty, at least as to some Defendants, and the Court makes no ultimate determination as to that issue. Defendant Lincare points in its motion to statutory and regulatory provisions regulating the billing of diagnostic services by physicians that would seem to create such a duty. See Lincare Motion at 10-12 (citing Social Security Act § 1842(n)(1) and the Medicare Carrier's Manual § 15048). Neither the Court nor Defendants, however, should be made to guess as to whether these are the provisions of which Relator contends the Defendants' payment requests were violative. Furthermore, not all violations of statutes or regulations create FCA liability. See Thompson, 125 F.3d, 902 (noting, "violations of laws, rules, or regulations

4

alone do not create a cause of action under the FCA," citing United States ex rel. Hooper v. Anton, 91 F.3d 1261, 1266 (9th Cir, 1996)).

Relator has requested that, should the Court find the Amended Complaint deficient, that he be granted leave to amend. Defendants have opposed that request, but the Court finds it reasonable under the circumstances. Rule 15 requires that leave to amend be "freely granted when justice so requires." Fed. R. Civ. P. 15(a). It is well settled that when a complaint is dismissed pursuant to Rule 12(b)(6) and the plaintiff requests to file an amended complaint, the amendment should ordinarily be allowed. See, e.g., Ricciuti v. N.Y.C. Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991); Charles Wright, Arthur Miller & Mary Kay Kane, Federal Practice & Procedure, Civil 2d § 1483 at n. 15 (1990). Accordingly, Relator shall be granted 20 days from the date of this order in which to file a second amended complaint.

Defendant Schwerin raises two additional arguments in his motion to dismiss that need to be briefly addressed should Relator elect to file an amended complaint including claims against this defendant. Schwerin asserts: 1) that the Court lacks personal jurisdiction over him, and 2) that the claims against the individual defendants are improperly joined. Neither claim has merit.

In asserting a lack of personal jurisdiction, Schwerin

argues that "the Amended Complaint fails to set out any facts showing that Dr. Schwerin has established the 'minimum contacts' with the State of Maryland required by the due process clause of the Fourteenth Amendment." Schwerin Motion at 11. As Relator notes, however, where a statute provides for nationwide service of process, as does the FCA, due process requires "minimum contacts" with the United States, not with the particular state or district where suit is brought. See United States v. Metzinger, Civ. No. A-94-7520, 1996 WL 412811 (E.D. Pa. July 18, 1996). Schwerin concedes that, by virtue of residing in the United States, he has the requisite minimum contacts with the relevant forum. Schwerin Reply at 2 n.2.

As to the joinder issue, Schwerin argues that the claims against Defendants are improperly joined because the Amended Complaint alleges that AMI initiated separate and independent conspiracies with each of the individual Billing Defendants. Rule 20(a) provides that

> [a]ll persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given . . . against one or more defendants according to their respective liabilities.

Fed. R. Civ. P. 20(a). Here, the claims against the various Billing Defendants arise out of a common series of transactions and raise common questions of law and fact. While other considerations may warrant separating the claims at some later point in the proceedings, at this time, the Court finds that joinder best serves the interests of judicial economy.

A separate order consistent with this memorandum will issue.

_____
William M. Nickerson
United States District Judge

Dated: September 30, 1999.